```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

```
 ANDRE JAMES,                           No. 6:09-CR-06091 (MAT)
                                        No. 6:16-CV-06334 (MAT)
                         Movant,
           -vs-                         DECISION AND ORDER

 UNITED STATES OF AMERICA,

                         Respondent.
```
___

**I.   Introduction**

Represented by counsel, movant Andre James ("James"), a federal prisoner, moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On June 5, 2009, James was convicted, upon his plea of guilty, of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of being in possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). See docs. 16, 25. James was sentenced to a term of 120 months imprisonment with a three-year term of supervised release. James was adjudicated a career offender under the United States Sentencing Guidelines ("the Guidelines"), see U.S.S.G. §§ 4B1.1, 4B1.2, based on prior convictions of attempted third-degree burglary in New York (N.Y. Penal Law § 110.00, 140.20) and third-degree burglary in Alabama (Ala. Code § 13a-7-7). Those predicate offenses were considered "crimes of violence" for purposes of the Guidelines' career offender provisions.

**II. Discussion**

In Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Guidelines as of the date of James' sentencing. James argues that, in the aftermath of Johnson, neither of his predicate convictions continue to qualify as crimes of violence for purposes of the Guidelines' career offender provisions.

**A.   Waiver of Collateral Attack in the Plea Agreement**

Respondent argues that James is barred from bringing this motion because his plea agreement contained a waiver of collateral attack. This argument is unpersuasive. Although James does not dispute that his plea agreement contained a waiver,[1] that waiver is unenforceable if James' sentence is unconstitutional. See Williams v. United States, 2016 WL 4917017, *3 (W.D.N.Y. Sept. 15, 2016) (citing United States v. Torres, 2016 WL 3770517, *8 (9th Cir. July 14, 2016)); see also United States v. Rosa, 123 F.3d 94, 101 (2d Cir. 1997). Therefore, the collateral attack waiver does not preclude the Court from entertaining James' present motion.

---

[1] A copy of the plea agreement is not present in the docket before the Court.

### B.  **Johnson**'s Application to James' Enhanced Sentence

In Johnson, the Supreme Court addressed the constitutionality of the ACCA's residual clause, which provided that a prior conviction qualified as a violent felony for purposes of sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii). Johnson held that the imposition of an increased sentence under the residual clause violates due process, as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557.

This Court has previously decided that, because the language is identical, the Guidelines' residual clause, U.S.S.G. 4B1.2(a)(2), was rendered unconstitutionally vague under Johnson. See Lee (Antonio Demario) v. United States, 1:07-CR-00238 (MAT) (W.D.N.Y. Apr. 18, 2016) (Decision & Order, pp. 19-23) (collecting cases). In Welch v. United States, __ U.S. __, __, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson had retroactive effect, and under that same reasoning, this Court applies Johnson retroactively to James' challenge under the Guidelines. See, e.g., In re Patrick, 2016 WL 4254929, *3 (6th Cir. Aug. 12, 2016) ("The Supreme Court's rationale in Welch for finding Johnson retroactive applies equally to the Guidelines."); In re Hubbard, 825 F.3d 225, 235 (4th Cir. 2016) ("[T]he rule in Johnson is substantive with

3

respect to its application to the Sentencing Guidelines and therefore applies retroactively[.]"); In re Encinias, 821 F.3d 1224, 1226 (10th Cir. 2016) (concluding that Johnson applied retroactively to Guidelines).[2] Moreover, because the ACCA's definition of "violent felony" is substantially the same as the Guidelines' definition of "crime of violence," authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase. See United States v. Walker, 595 F.3d 441, 443 n.1 (2d Cir. 2010).

Respondent argues that the Johnson rule does not retroactively apply to the Guidelines, contending that although it is substantive when applied to the ACCA, the rule is merely procedural when applied to the Guidelines. Accordingly, following respondent's argument, the rule's retroactive application would be barred by Teague v. Lane, 489 U.S. 288, 310 (1989) (holding that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). This Court addressed a similar contention in Williams v. United States, 2016 WL 4917017, *2-3 (W.D.N.Y. Sept. 15, 2016),

---

[2] Respondent argues that this case should be stayed pending the Supreme Court's decision in Beckles v. United States, 2016 WL 1029080 (U.S. June 27, 2016), in which the Court will likely decide the question of whether Johnson applies retroactively to the Guidelines. The Court declines to stay these proceedings. Although Beckles will likely decide the issue, this Court need not wait for that decision in order to consider the retroactivity of the rule to Guidelines cases. See Spells v. United States, 2014 WL 5520691, *1 (S.D.N.Y. Oct. 29, 2014) ("[A]ll the circuit courts to have considered the question agree that circuit and district courts can decide a rule's retroactivity when reviewing an initial petition under section 2255." (citing United States v. Thomas, 627 F.3d 534, 536-37 (4th Cir. 2010) (collecting cases)).

reconsideration denied, 2016 WL 5404589 (W.D.N.Y. Sept. 28, 2016). For the same reasons as set forth in Williams, this Court again holds that "'Johnson is not a procedural decision' as applied to the Guidelines." Williams, 2016 WL 4917017, at *3 (citing Hubbard, 825 F.3d at 234; Patrick, __ F.3d __, __, 2016 WL 4254929, at *3).[3] Therefore, as set forth above, the Court applies Johnson retroactively in this case.

### C. Neither of James' Prior Convictions Qualify as Crimes of Violence in the Aftermath of Johnson

James was sentenced under U.S.S.G. § 4B1.1(a), which provides in relevant part that a defendant is a career offender if "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense[,] *and* . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Id. (emphasis added). James' sentence was enhanced based on predicate convictions of attempted third-degree burglary under New York law and third-

---

[3] In a related argument, respondent contends that Johnson does not apply retroactively to Guidelines cases because a sentencing judge has discretion in any case to deviate upward from a defendant's sentencing range under the Guidelines, whereas under the ACCA, the sentencing judge may not deviate above a set maximum sentence. The Court finds this argument unpersuasive. In Peugh v. United States, __ U.S.__, __, 133 S.Ct. 2072, 2082 (2013), the Supreme Court held that the Guidelines are subject to ex post facto challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." Id. Discussing a prior decision concerning a state sentencing scheme that "achieved its 'binding legal effect' through a set of procedural rules and standards for appellate review that, in combination, encouraged district courts to sentence within the guidelines," the Court explained that the "federal sentencing regime after Booker does the same." Id. at 2086 (citing United States v. Booker, 543 U.S. 220, 245 (2005)). Following the Supreme Court's reasoning in Peugh, and considering the identical language contained within the ACCA's and Guidelines' residual clauses, a defendant sentenced under the career offender provisions of the Guidelines may mount an ex post facto challenge where his sentence was enhanced based on the residual clause.

degree burglary under Alabama law. Therefore, if, in the wake of <u>Johnson</u>, either of these convictions no longer qualify as a crime of violence, James' sentence would be rendered retroactively unconstitutional and he would be entitled to resentencing.

The New York crime of attempted third-degree burglary no longer qualifies as a crime of violence under the residual clause of the Guidelines' career offender provisions. In <u>United States v. Welch</u>, 641 F. App'x 37, 42 (2d Cir. 2016), the Second Circuit explicitly held that an "attempted second-degree burglary [conviction] is . . . no longer a predicate offense under the residual clause of § 4B1.2(a)(2) in light of <u>Johnson</u>," citing case law holding that such crime qualified as a crime of violence *only* under the residual clause, and noting that the same reasoning applied to convictions of attempted burglary in the third degree. <u>Id.</u> at 43 (citing <u>United States v. Hurrell</u>, 555 F.3d 122, 123-24 (2d Cir. 2009) (per curiam) (addressing attempted burglary in the third degree)); see also <u>United States v. Brown</u>, 514 F.3d 256, 267 (2d Cir. 2008) (noting that third degree burglary is a crime of violence only under the ACCA's residual clause). Because attempted third-degree burglary is not an enumerated offense and does not qualify under the force clause of the Guidelines, U.S.S.G. § 4B1.2(a)(1), see <u>Welch</u>, 641 F. App'x at 42, James no longer qualifies for enhancement under the career offender provisions of the Guidelines.

Likewise, James' conviction of third-degree burglary under Alabama law no longer qualifies as a crime of violence. See <u>United States v. Howard</u>, 742 F.3d 1334, 1349 (11th Cir. 2014) ("[T]he [Alabama third-degree burglary] statute is non-generic and indivisible, which means that a conviction under [the statute] cannot qualify as generic burglary under the ACCA" and therefore cannot qualify as an ACCA predicate). Accordingly, resentencing by the original sentencing judge will best satisfy the requirements of due process in accordance with Rule 11 of the Federal Rules of Criminal Procedure, as the original sentencing judge is in the best position to consider the parties' arguments regarding resentencing.[4] The Court therefore transfers this case to the original sentencing judge for resentencing.

### III. Conclusion

James' motion to vacate and correct his sentence (Doc. 28) is granted to the extent that the matter is transferred to the Hon. David G. Larimer, the original sentencing judge, for resentencing.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   October 26, 2016
         Rochester, New York.

---

[4] The Court will not consider the parties' dispute over whether James' *instant* offense of possessing a sawed-off shotgun still qualifies as a crime of violence post-<u>Johnson</u>. Because neither of his predicate convictions qualify, he is entitled to resentencing regardless of the status of his instant conviction. See U.S.S.G. § 4B1.1(a).