```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

| | |
|---|---|
| ANDRE JAMES, | **No. 6:09-CR-06091 (MAT)** |
| | **No. 6:16-CV-06334 (MAT)** |
| James, | |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

_____

**I.   Introduction**

Represented by counsel, James Andre James ("James"), a federal prisoner, previously moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On October 26, 2016, this Court granted James' motion to the extent that the matter was transferred to the Hon. David G. Larimer, the original sentencing judge, for resentencing. See doc. 38. The Court's decision was based on its finding that James' sentence, which was imposed February 4, 2010, was rendered retroactively unconstitutional as a result of the Supreme Court's decision in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). Specifically, the Court held that in the wake of Johnson, James' predicate convictions of attempted third-degree burglary under New York law and third-degree burglary under Alabama law were no longer crimes of violence for purposes of sentencing enhancement pursuant to the career offender provisions of the United States Sentencing Guidelines ("U.S.S.G."). See U.S.S.G. § 4B1.1(a).

On November 9, 2016, respondent moved this Court to reconsider, presumably pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P"). See, e.g., Stinson v. United States, 2012 WL 5288758, at *1 (W.D.N.Y. Oct. 23, 2012). James responded to respondent's motion on

November 29, 2016 and the matter has now been submitted for decision without oral argument.

**II.  Discussion**

"The standard for granting [a Rule 59(e)] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Respondent's motion raises the same arguments stated in its opposition to James' Section 2255 motion: (1) that Johnson does not apply retroactively to a defendant's collateral challenge to a Guidelines' sentence; (2) that the Court should stay James' Section 2255 motion pending the Supreme Court's decision in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (order granting writ of certiorari); and (3) that the Court erred in declining to enforce the collateral attack waiver in James' plea agreement. In its October 26, 2016 order (doc. 38) the Court considered and rejected these arguments.

It is well-settled that "a motion to reconsider should not be granted where[,]" as here, "the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. Respondent's argument regarding retroactivity and respondent's request for a stay mirror the contentions made in respondent's brief on James' original § 2255 motion. Therefore, respondent's motion to reconsider is denied with respect to these grounds.

In its motion to reconsider, respondent raises the same argument regarding James' waiver of collateral attack contained in his plea agreement. Specifically, respondent cites unpublished Second Circuit case law which has held that even where a defendant raises a § 2255 issue

2

pursuant Johnson, a waiver of collateral attack in the plea agreement is unenforceable. The Court found respondent's argument unpersuasive in its decision on the original motion, citing case law holding that a waiver is unenforceable if a sentence is rendered unconstitutional. See Williams v. United States, 2016 WL 4917017, *3 (W.D.N.Y. Sept. 15, 2016) (citing United States v. Torres, 2016 WL 3770517, *8 (9th Cir. July 14, 2016)); see also United States v. Rosa, 123 F.3d 94, 101 (2d Cir. 1997).

On November 9, 2016, the same day that respondent filed the instant motion, the Second Circuit decided the published case of Sanford v. United States, 841 F.3d 578 (2d Cir. 2016). Respondent has not brought this case to the Court's attention, having failed to file a reply, but the decision bears directly on respondent's collateral attack waiver argument. In Sanford, the petitioner brought a § 2255 motion asserting a Johnson challenge. Id. at 579. As in this case, the petitioner's plea agreement included a waiver of collateral attack. Id.

The Second Circuit held that "*[e]ven assuming [that the movant] was sentenced under a Guidelines provision that is unconstitutional after Johnson*, this Court has held that a defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." Id. at 580 (emphasis added) (alteration in original) (internal quotation marks omitted) (citing United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008); quoting United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005)).

Because Sanford is directly analogous to this case in all relevant respects, the Court is constrained to find that the Sanford holding

3

applies to its prior decision regarding James' collateral attack waiver. The decision of <u>Sanford</u> subsequent to the Court's decision of James' original § 2255 motion thus constitutes "an intervening change of controlling law" requiring the Court to grant respondent's motion to reconsider on the issue of the collateral attack waiver. <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Consequently, the Court has reconsidered its October 26, 2016 order and finds that the Second Circuit's decision in <u>Sanford</u> mandates a decision that James' collateral attack waiver precludes his instant § 2255 motion. His motion is now therefore denied, and the Court's order of October 26, 2016 is vacated.

## CONCLUSION

For the reasons stated above, respondent's motion to reconsider (doc. 39) is granted. The Court's Decision and Order dated October 26, 2016 (doc. 38) is vacated. James' motion pursuant to § 2255 (doc. 28) is hereby denied. This case is closed.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**

                                           HON. MICHAEL A. TELESCA
                                           United States District Judge

Dated:    December 13, 2016
          Rochester, New York.